MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

BILELIO VILLATORO and DANIEL SILVA
GARCIA A.K.A. APOLINAR SILVA, *individually and on*
*behalf of others similarly situated,*

*Plaintiffs,*

-against-

THE HUMMUS & PITA CO. INC. (d/b/a THE
HUMMUS & PITA CO.), THE HUMMUS & PITA
FRANCHISING, LLC. (d/b/a THE HUMMUS &
PITA CO.), HUPICO LLC. (d/b/a HUMMUS & PITA
CO. RESTAURT INC.), JOHN DOE 1, JOHN DOE 2,
JANICE AXELROD, DAVE PESSO, STEVEN
PESSO and CHRISTINA DOE,

*Defendants.*

-------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION
UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Bilelio Villatoro and Daniel Silva Garcia a.k.a. Apolinar Silva individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of Defendants The Hummus & Pita Company, Inc., (d/b/a The Hummus & Pita Co.), The Hummus & Pita Franchising, LLC. (d/b/a The Hummus & Pita Co.) ("Franchisor Defendant Corporations"), John Doe 1, John Doe 2, Janice Axelrod ("Franchisor Individual Defendants"), Hupico LLC. (d/b/a The Hummus & Pita Co.) ("Franchisee Defendant Corporation"), Janice Axelrod, Dave Pesso, Steven Pesso and Christina Doe ("Franchisee Individual Defendants") (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Franchisee Defendants own, operate or control a Mediterranean restaurant located at 79 Chambers St., New York, NY 10007, operating under the trade name "The Hummus & Pita Co.".

2.      Franchisee Defendants are franchised to operate The Hummus & Pita Co. under contract with the Franchisor Defendant.

3.      The Hummus & Pita Co. is a Mediterranean restaurant owned by John Doe 1, John Doe 2, Janice Axelrod, Dave Pesso, Steven Pesso and Christina Doe located at 79 Chambers St., New York, NY 10007.

4.      Upon information and belief, Defendants John Doe 1, John Doe 2, Janice Axelrod, Dave Pesso, Steven Pesso and Christina Doe serve or served as owners, managers, principal or agents of Defendant Corporations and through these corporate entities operate the Mediterranean restaurant.

5.      Plaintiffs are former employees of Defendants.

6.      Plaintiff Villatoro was employed as a cook.

7.      Plaintiff Silva was ostensibly employed as a delivery worker, but he was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to cutting vegetables, cleaning the kitchen, cleaning the tables, cleaning the restaurant, cleaning bathroom, preparing food, taking out trash, bringing products from basement, buying products from the market, folding card boxes, unloading from trucks and arranging the products and food delivered, preparing eggplants, cleaning the fridge, packing food for delivery, cleaning the food machinery, dishwashing, cleaning the floor (hereinafter, "non-delivery, non-tip duties").

8.      At all times relevant to this Complaint, Plaintiffs worked for Franchisee Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate compensation for the hours over 40 per week that they worked.

9.      Rather, Franchisee Defendants failed to maintain accurate recordkeeping of their hours worked, failed to pay Plaintiffs the applicable minimum wage, and failed to pay them appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

10.     Further, Franchisee Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

11.     Franchisee Defendants employed and accounted for Plaintiff Silva as a delivery worker, but in actuality his duties included greater or equal time spent performing the non-delivery, non-tipped functions such as those alleged above.

12.     Regardless, at all times franchisee Defendants paid plaintiff Silva at the lowered tip-credit rate.

13.     Under state law, franchisee Defendants were not entitled to take a tip credit because Plaintiff Silva's non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. §146-2.9).

14.     Upon information and belief, Franchisee Defendants employed the policy and practice of disguising Plaintiff Silva's actual duties in payroll records to avoid paying him at the minimum wage rate, and to enable them to pay Plaintiff Silva at the lower tipped credit rate, by designating him as a delivery worker instead of a non-tipped employee.

15.     Upon information and belief, Franchisor Defendant knew or should have known of the work performed by Plaintiffs and similarly situated employees, and/or knew or should have known of the unlawful policies of requiring Plaintiffs and other employees to work without providing the minimum wage, overtime, and spread of hours compensation required by federal and state law and

regulations; and upon information and belief, Franchisor Defendant had the power to stop the work and/or the violations, but did not do so.

16.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

17.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

18.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

19.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

21.    Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiffs were employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

22.    Plaintiff Bilelio Villatoro ("Plaintiff Villatoro" or "Mr. Villatoro") is an adult individual residing in Queens County, New York. Plaintiff Villatoro was employed by Defendants from approximately January 2014 until on or about December 2015.

23.    Plaintiff Daniel Silva Garcia a.k.a. Apolinar Silva ("Plaintiff Silva" or "Mr. Silva"), is an adult individual residing in Queens County, New York. Plaintiff Silva was employed by Defendants from approximately August 2011 until on or about February 2016.

### *Franchisor Defendants*

24.    Upon information and belief, The Hummus & Pita Company, Inc. is a corporation organized and existing under the laws of the State of Delaware. Upon information and belief, it maintains its address of process at 7 Times Square, 39th Floor, New York, NY 10036 (c/o Pryor Cashman LLP, attn.: Eric M. Hellige).

25.    Upon information and belief, The Hummus & Pita Franchising, LLC, is a corporation organized and existing under the laws of the State of Delaware. Upon information and belief, it maintains its address of process at 80 State Street, Albany, New York, 12207 (c/o Corporation Service Company).

26.    Defendant John Doe 1 is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant John Doe 1 is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

27.    Defendant John Doe 1 possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

28.    Defendant John Doe 1 determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

29.    Defendant John Doe 2 is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant John Doe 2 is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

30.    Defendant John Doe 2 possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

31.    Defendant John Doe 2 determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

32.    Defendant Janice Axelrod is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Janice Axelrod is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporations.

33.    Defendant Janice Axelrod possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

34.    Defendant Janice Axelrod determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

35.    Upon information and belief, Franchisor Defendants grant franchises to operate The Hummus & Pita Co. in New York and grant sublicenses to franchisees to use The Hummus & Pita Co. trademarks.

36.    Facts which demonstrate that Franchisor Defendants were Plaintiffs' employers include:

a)  Defendants suffered or permitted Plaintiffs and similarly situated employees to work.

b)  Defendants acted directly or indirectly in the interest of one another in relation to Plaintiffs and similarly situated employees.

c)  Defendants had an economic interest in the Hummus & Pita Co. location in which Plaintiffs and similarly situated employees worked.

d)  Defendants simultaneously benefitted from Plaintiffs' work.

e)  Defendants had either functional and/or formal control over terms and conditions of work of Plaintiff and similarly situated employees.

37.    Plaintiffs and similarly situated employees performed work integral to each Defendant's operation.

*Franchisee Defendants*

38.    Upon information and belief, Hupico LLC., is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its franchised

location at 79 Chambers St., New York, NY 10007 and its principal place of business at 585 Avenue of the Americas, New York, NY 10011.

39.     Defendant Janice Axelrod is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Janice Axelrod is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporations.

40.     Defendant Janice Axelrod possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

41.     Defendant Janice Axelrod determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

42.     Defendant Dave Pesso is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Dave Pesso is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

43.     Defendant Dave Pesso possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

44.     Defendant Dave Pesso determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

45.     Defendant Steven Pesso is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Steven Pesso is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

46.    Defendant Steven Pesso possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

47.    Defendant Steven Pesso determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

48.    Defendant Christina Doe is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Christina Doe is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporations.

49.    Defendant Christina Doe possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

50.    Defendant Christina Doe determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

51.    Defendants own, operate, or control a chain of Mediterranean restaurants one of which is located in the Tribeca section of Manhattan in New York City.

52.    Individual Defendants John Doe 1, John Doe 2, Janice Axelrod, Dave Pesso, Steven Pesso and Christina Doe possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

9

53.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

54.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

55.     Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 et seq. and the NYLL.

56.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

57.     Upon information and belief, individual defendants John Doe 1, John Doe 2, Janice Axelrod, Dave Pesso, Steven Pesso and Christina Doe operate Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as  legal entities separate and apart from themselves by, among other things:

> a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;
>
> b)  defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;
>
> c)  transferring assets and debts freely as between all Defendants;
>
> d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders;

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations or closely controlled entities;

f)  intermingling assets and debts of their own with Defendant Corporations;

g)  diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

h)  other actions evincing a failure to adhere to the corporate form.

58.    At all relevant times, Franchisee Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.  Franchisee Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

59.    Upon information and belief, Franchisor Defendants run a business dependent on their franchise and corporate-owned store selling and delivering food based on a prescribed mode. As such, upon information and belief, Plaintiffs' work was integral to Franchisor Defendants' operations.

60.    Upon information and belief, Franchisor Defendants coordinated certain customer service options for all restaurants, corporate and franchise owned. For example, Franchisor Defendants have a central research and development team to create new products for The Hummus & Pita Co. See https://www.hummusandpitas.com

61.    Upon information and belief, Franchisor Defendants maintained control over many aspects of Franchisee Defendants' operations. For example, upon information and belief, The Hummus & Pita Co. must conform to standard layout requirements. In addition, upon information and belief, Hummus & Pita Co. guided Franchisees on how to hire and train employees, as well as materials giving directions to employees as to how to perform their jobs.

62.    Upon information and belief, through its franchise agreement and in other ways, Franchisor Defendants set requirements for the operation of Franchisee Defendants and enforced those requirements, in particular, requirements related to the work of Plaintiffs and similarly situated employees. The requirements include, but are not limited to monitoring employee performance, specifying equipment, uniforms, and supplies for the use of Plaintiffs and other similarly situated employees, and specifying the methods and procedures Plaintiffs and other similarly situated employees use in preparing customer orders.

63.    Upon information and belief, through these requirements, Franchisor Defendants had the authority and exercised the authority to control, directly or indirectly, the work of Plaintiffs and similarly situated employees.

64.    Upon information and belief, the Franchisor Defendants had the authority to require that Franchisee Defendants employ recordkeeping of the operations of Franchisee Defendants, including systems for tracking hours and wages and for retaining payroll records.

65.    Upon information and belief, these recordkeeping systems required by Franchisor Defendants were an instrument through which unlawful policies, patterns, and/or practices in this case were implemented.

66.    Upon information and belief, Franchisor Defendants had the right to inspect the facilities and operations of Franchisee Defendants.

67.    Upon information and belief, Franchisor Defendants had the right to audit all Franchisee's records.

68.    Upon information and belief, Franchisor Defendants had the authority to control, directly or indirectly, the timekeeping and payroll practices of Franchisee Defendants.

69.     Upon information and belief, Franchisor Defendants knew or should have known of, and had the authority to exercise control over, the accuracy of records concerning the hours and wages of Plaintiffs and similarly situated employees through the monitoring of Franchisees.

70.     Franchisor Defendants could have terminated the franchise agreements of Franchisee Defendants and caused Franchisee Defendant to cease operation of the franchise restaurants under certain circumstances, including in the event of violations of the law. Thus, upon information and belief, Franchisor Defendant had the authority to stop violations of the labor law and, ultimately, to control the employment of Plaintiffs and similarly situated employees, including, but not limited to, causing the termination of their employment. Moreover, Franchisor Defendant had the power to induce compliance with applicable wage and hour laws by threatening to terminate a franchise agreement.

71.     In each year from 2011 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

72.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used in the health food restaurant on a daily basis, such as fruits and meats, were produced outside of the State of New York.

*Individual Plaintiffs*

73.     Plaintiffs are former employees of Defendants who primarily were employed as a cook and ostensibly as a delivery worker. However, the delivery worker spent a considerable amount of time performing the non-tipped duties described above.

74.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Bilelio Villatoro*

75.     Plaintiff Villatoro was employed by Defendants from approximately January 2014 until on or about December 2015.

76.     Plaintiff Villatoro was employed by Defendants as a cook.

77.     Plaintiff Villatoro regularly handled goods in interstate commerce, such as condiments produced outside of the State of New York.

78.     Plaintiff Villatoro's work duties required neither discretion nor independent judgment.

79.     From approximately January 2014 until on or about December 2015, Plaintiff Villatoro worked from approximately 9:00 a.m. until on or about 9:00 p.m. Mondays through Saturdays (typically 72 hours per week).

80.     Throughout his employment with Defendants, Plaintiff Villatoro was paid his wages in a combination of checks and cash.

81.     From approximately January 2014 until on or about December 2015 defendants paid Plaintiff Villatoro a fixed salary of $750 per week ($450 by check and $300 in cash).

82.     Defendants never granted Plaintiff Villatoro meal breaks or rest periods of any kind throughout the entire time he worked there.

83.     Plaintiff Villatoro was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as punch cards, that accurately reflected his actual hours worked.

84.    Defendants did not provide Plaintiff Villatoro with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

85.    Defendants never provided Plaintiff Villatoro with an accurate statement of wages, as required by NYLL 195(3).

86.    Defendants never provided Plaintiff Villatoro with a written notice, in English or in Spanish (Plaintiff Silva's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

87.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Villatoro regarding overtime and wages under the FLSA and NYLL.

88.    Defendants required Plaintiff Villatoro to purchase "tools of the trade" with his own funds—including three pairs of kitchen shoes, and ten pants.

*Plaintiff Daniel Silva Garcia a.k.a. Apolinar Silva*

89.    Plaintiff Silva was employed by Defendants from approximately August 2011 until on or about February 2016.

90.    Plaintiff Silva was ostensibly employed by Defendants as a delivery worker.

91.    However, Plaintiff Silva was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

92.    Although Plaintiff Silva was ostensibly employed as a delivery worker, he spent over 20% of his work time each day performing the non-delivery duties outline above throughout his employment with Defendants.

93.    Plaintiff Silva regularly handled goods in interstate commerce, such as dish soap produced outside of the State of New York.

94.    Plaintiff Silva's work duties required neither discretion nor independent judgment.

95.     From approximately August 2011 until on or about January 2013, Plaintiff Silva worked from approximately 11:00 a.m. until on or about 11:00 p.m. six days a week (typically 72 hours per week).

96.     From approximately February 2013 until on or about February 2016, Plaintiff Silva worked from approximately 11:00 a.m. until on or about 11:00 p.m. five days a week (typically 60 hours per week).

97.     From approximately August 2011 until on or about January 2013, defendants paid Plaintiff Silva his wages in cash.

98.     Aid From approximately February 2013 until on or about February 2016, defendants paid Plaintiff Silva his wages by check.

99.     From approximately August 2011 until on or about April 2014 defendants paid Plaintiff Silva $5.15 per hour.

100.    From approximately May 2014 until on or about December 2015 defendants paid Plaintiff Silva $5.65 per hour.

101.    From approximately January 2016 until on or about February 2016 defendants paid Plaintiff Silva $7.50 per hour.

102.    Plaintiff Silva's wages did not vary regardless of how many additional hours he worked in a week.

103.    In fact, Defendants required Plaintiff Silva to work 30 minutes past his scheduled departure time every day, without paying him any additional compensation.

104.    Plaintiff Silva was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as punch cards, that accurately reflected his actual hours worked.

105.    Plaintiff Silva was never notified by Defendants that his tips would be included as an offset for wages.

106.    Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Silva's wages.

107.    In addition, defendants withheld all of the tips customers wrote in for Plaintiff Silva and gave these tips to the cook.

108.    Defendants never provided Plaintiff Silva with an accurate statement of wages, as required by NYLL 195(3).

109.    Defendants never provided Plaintiff Silva with a written notice, in English **or in** Spanish (Plaintiff Silva's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

110.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Silva regarding overtime and wages under the FLSA and NYLL.

111.    Defendants required Plaintiff Silva to purchase "tools of the trade" with his own funds— including a bicycle, a helmet, a set of lock and chain and a number of sets of bicycle lights.

*Defendants' General Employment Practices*

112.    Defendants regularly required Plaintiffs to work in excess of forty (40) hours per week without paying him the proper minimum wage, overtime and spread of hours' compensation.

113.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of forty (40) hours per

week without paying them appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

114.    Defendants' pay practices resulted in Plaintiff Silva not receiving payment for all his hours worked, resulting in his effective rate of pay falling below the required minimum wage rate.

115.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Silva by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving Plaintiff Silva of the tips earned during the course of employment and giving those tips to the cook

116.    Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Silva, and other tipped employees, in violation of New York Labor Law § 196-d (2007). Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

117.    Defendants failed to inform Plaintiff Silva that they intended to take a deduction against Plaintiff Silva's earned wages for tip income, as required by the NYLL before any deduction may be taken.

118.    Defendants failed to inform Plaintiff Silva that his tips would be credited towards the payment of the minimum wage.

119.    Defendants failed to maintain a record of tips earned by Plaintiff Silva for the deliveries he made to customers.

120.    Defendants required Plaintiff Silva, and all other delivery workers, to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers.

121.    Plaintiff Silva and all other similarly situated employees, were employed ostensibly as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-tipped duties.

122.    Plaintiff Silva and all other delivery workers were paid at a rate that was lower than the minimum wage by Defendants; however, under state law Defendants were not entitled to a tip credit because Plaintiff Silva's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

123.    New York State regulations provide that an employee cannot be classified as a tipped employee "on any day . . . in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

124.    Plaintiff Silva's duties were not incidental to his occupation as a delivery worker, but instead constituted entirely unrelated general restaurant work with duties including the non-tipped duties described above.

125.    In violation of federal and state law, as discussed above, Defendants classified Plaintiff Silva as a tipped employee and paid him at a rate that was lower than the required minimum wage, when they should have classified him as a non-tipped employee and paid him at the minimum wage rate.

126.    Defendants paid Plaintiffs their wages either in cash, by check or in a combination of checks and cash.

127.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

128.    Defendants failed to post required wage and hour posters in the restaurant, and did not provide Plaintiffs with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs relative lack of sophistication in wage and hour laws.

129.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for (1) their full hours worked, (2) minimum wage, (3) overtime wages, and (4) spread of hours pay.

130.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

131.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former workers.

132.    Defendants failed to provide Plaintiffs and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

133.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

134.     Plaintiffs bring their FLSA minimum and overtime wages and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b) on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of John Doe 1, John Doe 2, Janice Axelrod, Dave Pesso, Steven Pesso and Christina Doe (the "FLSA Class").

135.     At all relevant times, Plaintiffs and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, the required overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiffs' wages for which Defendants did not qualify under the FLSA and willfully failing to keep records required by the FLSA.

21

136.    The claims of Plaintiffs stated herein are similar to those of the other employees.

### FIRST CAUSE OF ACTION

### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

137.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

138.    At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

139.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

140.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

141.    Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

142.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

143.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### VIOLATION OF THE FLSA OVERTIME PROVISIONS

144.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

145.     At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

146.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

147.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

148.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

149.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

150.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

151.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

152.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

153.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs (and the FLSA Class members) less than the minimum wage.

154.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

155.     Plaintiffs (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK STATE LABOR LAW'S OVERTIME PROVISIONS

156.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

157.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

158.     Defendants failed to pay Plaintiffs (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

159.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

160.      Plaintiffs (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMMISSIONER OF LABOR

161.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

24

162.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6.

163.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

164.    Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## RECOVERY OF EQUIPMENT COSTS

165.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

166.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as kitchen shoes and a bicycle, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

167.    Plaintiffs were damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

168.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

169.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

170.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorney's fees.

**EIGHTH CAUSE OF ACTION**
**VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW**

171.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

172.    Defendants did not provide Plaintiffs with a statement of wages with each payment of wages, as required by NYLL 195(3).

173.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorney's fees.

**NINTH CAUSE OF ACTION**
**(UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION OF THE NEW YORK**
**LABOR LAW)**

174.    Plaintiff Silva repeats and realleges all paragraphs above as though fully set forth herein.

175.    At all relevant times, Defendants were Plaintiff Silva's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

176.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

177.    Defendants unlawfully misappropriated all of Plaintiff Silva's (and the FLSA) tips that were received from customers.

178.    Defendants knowingly and intentionally retained all of Plaintiff Silva's (and the FLSA) tips in violations of the NYLL and supporting Department of Labor Regulations.

179.    Plaintiff Silva (and the FLSA Class members) were damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be FLSA class members in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs', and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

(f)    Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)    Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

27

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA Class

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA Class;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs and the members of the FLSA Class;

(k)     Declaring that Defendants violated the unauthorized deduction provisions of the NYLL as to Plaintiffs and the members of the FLSA Class;

(l)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs and the members of the FLSA Class;

(m)     Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiffs', and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(n)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiffs and the FLSA Class members;

(o)     Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages as well as awarding spread of hours pay under the NYLL as applicable;

(p)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(q)     Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated

damages pursuant to NYLL § 198(3);

(r)    Awarding Plaintiffs and the FLSA class members pre-judgment and post-judgment interest as applicable;

(s)    Awarding Plaintiffs and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(t)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(u)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
        September 1, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

*/s/ Michael Faillace*
Michael A. Faillace, Esq.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

August 1, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name/ Nombre:                    Bilelio Villatoro

Legal Representative/ Representante        Michael Faillace & Associates, P.C.
Legal:

Signature/ Firma:                *Bilelio Villatoro*

Date/ Fecha:                    Agosto 1, 2017

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

July 31, 2017

BY HAND


TO:    Clerk of Court,


I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name/ Nombre:                        Daniel Silva Garcia


Legal Representative/ Representante        Michael Faillace & Associates, P.C.
Legal:


Signature/ Firma:                    *Daniel Silva*

Date/ Fecha:                        July 31, 2017

*Certified as a minority-owned business in the State of New York*