UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

BILELIO VILLATORO AND DANIEL SILVA    :
GARCIA A/K/A APOLINAR SILIVA, *individually and*  :
*on behalf of others similarly situated*,    :
   :   Case No.: 17-cv-06701-VEC
      Plaintiffs,    :
   :
      -against-    :
   :
THE HUMMUS & PITA CO., INC. (d/b/a The    :
HUMMUS & PITA CO.), THE HUMMUS & PITA    :
FRANCHISING, LLC (d/b/a THE HUMMUS & PITA  :
CO.), HUPICO LLC (d/b/a HUMMUS & PITA CO   :
RESTAURANT INC.), JOHN DOE 1, JOHN DOE 2,  :
JANICE AXELROD, DAVE PESSO, STEVEN PESSO  :
and CHRISTINA DOE,    :
   :
      Defendants.    x

------------------------------------------------------------------

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants The Hummus & Pita Company, Inc., The Hummus & Pita Co. Franchising, LLC i/s/h/a The Hummus & Pita Franchising, LLC, Hupico LLC, Janice Axelrod, Dave Pesso and Steven Pesso (collectively, "Defendants"), by and through their attorneys, Akerman LLP, for their Answer to Plaintiffs' Complaint filed September 1, 2017 (the "Complaint") (ECF Doc. No. 1), state and allege as follows:

## RESPONSE TO "NATURE OF ACTION"

1.    Defendants deny the allegations set forth in paragraph 1 of the Complaint.

2.    Defendants deny the allegations set forth in paragraph 2 of the Complaint.

3.    Defendants deny the allegations set forth in paragraph 3 of the Complaint.

1

4.      Paragraph 4 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 4 of the Complaint.

5.      Defendants deny the allegations set forth in paragraph 5 of the Complaint.

6.      Defendants deny the allegations set forth in paragraph 6 of the Complaint.

7.      Defendants deny the allegations set forth in paragraph 7 of the Complaint.

8.      Defendants deny the allegations set forth in paragraph 8 of the Complaint.

9.      Defendants deny the allegations set forth in paragraph 9 of the Complaint.

10.     Defendants deny the allegations set forth in paragraph 10 of the Complaint.

11.     Defendants deny the allegations set forth in paragraph 11 of the Complaint.

12.     Defendants deny the allegations set forth in paragraph 12 of the Complaint.

13.     Defendants deny the allegations set forth in paragraph 13 of the Complaint.

14.     Defendants deny the allegations set forth in paragraph 14 of the Complaint.

15.     Defendants deny the allegations set forth in paragraph 15 of the Complaint. Moreover, pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collective, and that they would not add or join any other plaintiff in this action.  As such, Plaintiffs' allegations seeking to represent the interests of any individual other than themselves and/or that relate to any putative class or collective action have been stricken from this Complaint, and therefore, Defendants are not required to respond to such allegations.

16.     Defendants deny the allegations set forth in paragraph 16 of the Complaint. Moreover, pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collection, and that they would not add or join any other plaintiff in this action.  As such, Plaintiffs' allegations seeking to represent the interest of any individual other than themselves and/or that related to any putative class or collective action have been stricken from this Complaint, and therefore, Defendants are not required to respond to such allegations.

17.     Defendants deny the allegations set forth in paragraph 17 of the Complaint. Moreover, pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collection, and that they would not add or join any other plaintiff in this action.  As such, Plaintiffs' allegations seeking to represent the interest of any individual other than themselves and/or that related to any putative class or collective action have been stricken from this Complaint, and therefore, Defendants are not required to respond to such allegations.

18.     Paragraph 18 of the Complaint is not a factual allegation to which a response is required.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 18 of the Complaint.  Moreover, pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collection, and that they would not add or join any other plaintiff in this action.  As such,

Plaintiffs' allegations seeking to represent the interest of any individual other than themselves and/or that related to any putative class or collective action have been stricken from this Complaint, and therefore, Defendants are not required to respond to such allegations.

19.     Pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collection, and that they would not add or join any other plaintiff in this action.  As such, Plaintiffs' allegations seeking to represent the interest of any individual other than themselves and/or that related to any putative class or collective action have been stricken from this Complaint, and therefore, Defendants are not required to respond to the allegations set forth in paragraph 19 of the Complaint.

## RESPONSE TO "JURISDICTION AND VENUE"

20.     Paragraph 20 of the Complaint does not contain factual allegations to which a response is required as it calls for a legal conclusion.

21.     Paragraph 21 of the Complaint does not contain factual allegations to which a response is required as it calls for a legal conclusion.

## RESPONSE TO "PARTIES"

22.     Defendants deny knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 22 of the Complaint as it pertains to the residence of Plaintiff Villatoro.  Defendants deny the remainder of the allegations set forth in Paragraph 22 of the Complaint.

23.     Defendants deny knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 23 of the Complaint as it pertains to the residence of Plaintiff

Siva.   Defendants deny the remainder of the allegations set forth in Paragraph 23 of the Complaint.

24.     Defendant The Hummus & Pita Company, Inc. admits the allegations set forth in paragraph 24 of the Complaint.

25.     Defendant The Hummus & Pita Co. Franchising, LLC admits the allegations set forth in paragraph 25 of the Complaint.

26.     Defendants deny knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 26 of the Complaint.

27.     Defendants deny knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 27 of the Complaint

28.     Defendants deny knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 28 of the Complaint.

29.     Defendants deny knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 29 of the Complaint

30.     Defendants deny knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 30 of the Complaint

31.     Defendants deny knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 31 of the Complaint.

32.     Paragraph 32 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     Paragraph 33 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.     Paragraph 34 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.     Defendants deny the allegations set forth in paragraph 35 of the Complaint.

36.     Defendants deny the allegations set forth in paragraph 36 of the Complaint, including subparagraphs (a)-(e), and further state that the allegations set forth in paragraph 36 of the Complaint, including subparagraphs (a)-(e), do not contain factual allegations to which a response is required as they call for a legal conclusion.  Moreover, pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collection, and that they would not add or join any other plaintiff in this action.  As such, Plaintiffs' allegations seeking to represent the interest of any individual other than themselves and/or that related to any putative class or collective action have been stricken from this Complaint, and therefore, Defendants are not required to respond to such allegations.

37.     Defendants deny the allegations set forth in paragraph 37 of the Complaint.  Moreover, pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collection, and that they would not add or join any other plaintiff in this action.  As such, Plaintiffs' allegations seeking to represent the

interest of any individual other than themselves and/or that related to any putative class or collective action have been stricken from this Complaint, and therefore, Defendants are not required to respond to such allegations.

38.     Defendant Hupico LLC denies the allegations set forth in paragraph 38 of the Complaint, except admits only that it is a New York limited liability company, and that it owns a restaurant located at 79 Chambers Street, New York, New York 10007.

39.     Paragraph 39 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.     Paragraph 40 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.     Paragraph 41 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.     Paragraph 42 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.     Paragraph 43 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.     Paragraph 44 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.     Paragraph 45 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     Paragraph 46 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.     Paragraph 47 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Defendants deny knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 48 of the Complaint.

49.     Defendants deny knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 49 of the Complaint.

50.     Defendants deny knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 50 of the Complaint.

## RESPONSE TO "FACTUAL ALLEGATIONS"

51.     Defendants deny the allegations set forth in paragraph 51 of the Complaint.

52.     As it concerns Defendants Janice Axelrod, Dave Pesso, and Steven Pesso, paragraph 52 of the Complaint does not contain factual allegations to which a response is required

as it call for a legal conclusion.  As to the remainder of the allegations set forth in paragraph 52, Defendants deny knowledge or information sufficient to either admit or deny those allegations.

53.     Paragraph 53 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.     Paragraph 54 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 54 of the Complaint.  Moreover, pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collection, and that they would not add or join any other plaintiff in this action.  As such, Plaintiffs' allegations seeking to represent the interest of any individual other than themselves and/or that related to any putative class or collective action have been stricken from this Complaint, and therefore, Defendants are not required to respond to such allegations.

55.     Paragraph 55 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 55 of the Complaint.  Moreover, pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collection, and that they would not add or join any other plaintiff in this action.  As such, Plaintiffs' allegations seeking to represent the interest of

any individual other than themselves and/or that related to any putative class or collective action have been stricken from this Complaint, and therefore, Defendants are not required to respond to such allegations.

56.     Paragraph 56 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 56 of the Complaint.  Moreover, pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collection, and that they would not add or join any other plaintiff in this action.  As such, Plaintiffs' allegations seeking to represent the interest of any individual other than themselves and/or that related to any putative class or collective action have been stricken from this Complaint, and therefore, Defendants are not required to respond to such allegations.

57.     Defendants deny the allegations set forth in paragraph 57 of the Complaint, including subparagraphs (a)-(h).

58.     Paragraph 58 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 58 of the Complaint.  Moreover, pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collection, and that they would not add or join any other plaintiff in this action.  As such, Plaintiffs' allegations seeking to represent the interest of

any individual other than themselves and/or that related to any putative class or collective action have been stricken from this Complaint, and therefore, Defendants are not required to respond to such allegations.

59.    Paragraph 59 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 59 of the Complaint.  Moreover, pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collection, and that they would not add or join any other plaintiff in this action.  As such, Plaintiffs' allegations seeking to represent the interest of any individual other than themselves and/or that related to any putative class or collective action have been stricken from this Complaint, and therefore, Defendants are not required to respond to such allegations.

60.    Defendants deny the allegations set forth in paragraph 60 of the Complaint.

61.    Paragraph 61 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.    Defendants deny the allegations set forth in paragraph 62 of the Complaint. Moreover, pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collection, and that they would not add or join any other plaintiff in this action.  As such, Plaintiffs' allegations seeking to represent the

11

interest of any individual other than themselves and/or that related to any putative class or collective action have been stricken from this Complaint, and therefore, Defendants are not required to respond to such allegations.

63.     Defendants deny the allegations set forth in paragraph 63 of the Complaint. Moreover, pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collection, and that they would not add or join any other plaintiff in this action.  As such, Plaintiffs' allegations seeking to represent the interest of any individual other than themselves and/or that related to any putative class or collective action have been stricken from this Complaint, and therefore, Defendants are not required to respond to such allegations.

64.     Paragraph 64 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.     Defendants deny the allegations set forth in paragraph 65 of the Complaint.

66.      Paragraph 66 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.     Paragraph 67 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.     Paragraph 68 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.     Defendants deny the allegations set forth in paragraph 69 of the Complaint. Moreover, pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collection, and that they would not add or join any other plaintiff in this action.  As such, Plaintiffs' allegations seeking to represent the interest of any individual other than themselves and/or that related to any putative class or collective action have been stricken from this Complaint, and therefore, Defendants are not required to respond to such allegations.

70.     Defendants deny the allegations set forth in paragraph 70 of the Complaint. Moreover, pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collection, and that they would not add or join any other plaintiff in this action.  As such, Plaintiffs' allegations seeking to represent the interest of any individual other than themselves and/or that related to any putative class or collective action have been stricken from this Complaint, and therefore, Defendants are not required to respond to such allegations.

71.     Paragraph 71 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.

72.     Paragraph 72 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.

73.     Defendants deny the allegations set forth in paragraph 73 of the Complaint.

74.     Pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collection, and that they would not add or join any other plaintiff in this action.  As such, Plaintiffs' allegations seeking to represent the interest of any individual other than themselves and/or that related to any putative class or collective action have been stricken from this Complaint, and therefore, Defendants are not required to respond to the allegations set forth in paragraph 74 of the Complaint.

75.     Defendants deny the allegations set forth in paragraph 75 of the Complaint.

76.     Defendants deny the allegations set forth in paragraph 76 of the Complaint.

77.     Paragraph 77 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.

78.     Defendants deny the allegations set forth in paragraph 78 of the Complaint.

79.     Defendants deny the allegations set forth in paragraph 79 of the Complaint.

80.     Defendants deny the allegations set forth in paragraph 80 of the Complaint.

81.      Defendants deny the allegations set forth in paragraph 81 of the Complaint.

82.     Defendants deny the allegations set forth in paragraph 82 of the Complaint.

83.     Defendants deny the allegations set forth in paragraph 83 of the Complaint.

84.     Defendants deny the allegations set forth in paragraph 84 of the Complaint.

85.     Defendants deny the allegations set forth in paragraph 85 of the Complaint.

86.     Defendants deny the allegations set forth in paragraph 86 of the Complaint.

87.     Defendants deny the allegations set forth in paragraph 87 of the Complaint.

88.     Defendants deny the allegations set forth in paragraph 88 of the Complaint.

89.     Defendants deny the allegations set forth in paragraph 89 of the Complaint.

90.     Defendants deny the allegations set forth in paragraph 90 of the Complaint, except admit that Plaintiff was employed by defendant Hupico LLC as a delivery worker.

91.     Defendants deny the allegations set forth in paragraph 91 of the Complaint.

92.     Defendants deny the allegations set forth in paragraph 92 of the Complaint.

93.     Paragraph 93 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.

94.     Paragraph 94 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.

95.     Defendants deny the allegations set forth in paragraph 95 of the Complaint.

96.     Defendants deny the allegations set forth in paragraph 96 of the Complaint.

97.     Defendants deny the allegations set forth in paragraph 97 of the Complaint.

98.     Defendants deny the allegations set forth in paragraph 98 of the Complaint.

99.     Defendants deny the allegations set forth in paragraph 99 of the Complaint.

100.    Defendants deny the allegations set forth in paragraph 100 of the Complaint.

101.    Defendants deny the allegations set forth in paragraph 101 of the Complaint.

102.    Defendants deny the allegations set forth in paragraph 102 of the Complaint.

103.    Defendants deny the allegations set forth in paragraph 103 of the Complaint.

104.    Defendants deny the allegations set forth in paragraph 104 of the Complaint.

105.     Defendants deny the allegations set forth in paragraph 105 of the Complaint.

106.     Defendants deny the allegations set forth in paragraph 106 of the Complaint.

107.     Defendants deny the allegations set forth in paragraph 107 of the Complaint.

108.     Defendants deny the allegations set forth in paragraph 108 of the Complaint.

109.     Defendants deny the allegations set forth in paragraph 109 of the Complaint.

110.     Defendants deny the allegations set forth in paragraph 110 of the Complaint.

111.     Defendants deny the allegations set forth in paragraph 111 of the Complaint.

112.     Defendants deny the allegations set forth in paragraph 112 of the Complaint.

113.     Defendants deny the allegations set forth in paragraph 113 of the Complaint. Moreover, pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collection, and that they would not add or join any other plaintiff in this action.  As such, Plaintiffs' allegations seeking to represent the interest of any individual other than themselves and/or that related to any putative class or collective action have been stricken from this Complaint, and therefore, Defendants are not required to respond to such allegations.

114.     Defendants deny the allegations set forth in paragraph 114 of the Complaint.

115.     Defendants deny the allegations set forth in paragraph 115 of the Complaint.

116.     Defendants deny the allegations set forth in paragraph 116 of the Complaint. Moreover, pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collection, and that they would not add

or join any other plaintiff in this action.  As such, Plaintiffs' allegations seeking to represent the interest of any individual other than themselves and/or that related to any putative class or collective action have been stricken from this Complaint, and therefore, Defendants are not required to respond to such allegations.

117.    Defendants deny the allegations set forth in paragraph 117 of the Complaint.

118.    Defendants deny the allegations set forth in paragraph 118 of the Complaint.

119.    Defendants deny the allegations set forth in paragraph 119 of the Complaint.

120.    Defendants deny the allegations set forth in paragraph 120 of the Complaint. Moreover, pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collection, and that they would not add or join any other plaintiff in this action.  As such, Plaintiffs' allegations seeking to represent the interest of any individual other than themselves and/or that related to any putative class or collective action have been stricken from this Complaint, and therefore, Defendants are not required to respond to such allegations.

121.    Defendants deny the allegations set forth in paragraph 121 of the Complaint. Moreover, pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collection, and that they would not add or join any other plaintiff in this action.  As such, Plaintiffs' allegations seeking to represent the interest of any individual other than themselves and/or that related to any putative class or

collective action have been stricken from this Complaint, and therefore, Defendants are not required to respond to such allegations.

122.    Defendants deny the allegations set forth in paragraph 122 of the Complaint. Moreover, pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collection, and that they would not add or join any other plaintiff in this action.  As such, Plaintiffs' allegations seeking to represent the interest of any individual other than themselves and/or that related to any putative class or collective action have been stricken from this Complaint, and therefore, Defendants are not required to respond to such allegations.

123.    Paragraph 123 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion, and Defendants respectfully refer the Court to the regulations referenced in Paragraph 123 of the Complaint.

124.    Defendants deny the allegations set forth in paragraph 124 of the Complaint.

125.    Defendants deny the allegations set forth in paragraph 125 of the Complaint.

126.    Defendants deny the allegations set forth in paragraph 126 of the Complaint, except admit that defendant Hupico LLC paid Plaintiffs their wages in cash, by check or a combination of check and cash.

127.    Defendants deny the allegations set forth in paragraph 127 of the Complaint.

128.    Defendants deny the allegations set forth in paragraph 128 of the Complaint.

129.    Defendants deny the allegations set forth in paragraph 129 of the Complaint.

130.    Defendants deny the allegations set forth in paragraph 130 of the Complaint.

131.    Defendants deny the allegations set forth in paragraph 131 of the Complaint.

132.    Defendants deny the allegations set forth in paragraph 132 of the Complaint. Moreover, pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collection, and that they would not add or join any other plaintiff in this action.  As such, Plaintiffs' allegations seeking to represent the interest of any individual other than themselves and/or that related to any putative class or collective action have been stricken from this Complaint, and therefore, Defendants are not required to respond to such allegations.

133.    Defendants deny the allegations set forth in paragraph 133 of the Complaint. Moreover, pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collection, and that they would not add or join any other plaintiff in this action.  As such, Plaintiffs' allegations seeking to represent the interest of any individual other than themselves and/or that related to any putative class or collective action have been stricken from this Complaint, and therefore, Defendants are not required to respond to such allegations.

## RESPONSE TO "FLSA COLLECTIVE ACTION CLAIMS"

134.    Pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collection, and that they would not add or join any other plaintiff in this action.  As such, Plaintiffs' allegations seeking to represent the

interest of any individual other than themselves and/or that related to any putative class or collective action have been stricken from this Complaint, and therefore, Defendants are not required to respond to the allegations set forth in paragraph 134 of the Complaint.

135.   Pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collection, and that they would not add or join any other plaintiff in this action.  As such, Plaintiffs' allegations seeking to represent the interest of any individual other than themselves and/or that related to any putative class or collective action have been stricken from this Complaint, and therefore, Defendants are not required to respond to the allegations set forth in paragraph 135 of the Complaint.

136.   Pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collection, and that they would not add or join any other plaintiff in this action.  As such, Plaintiffs' allegations seeking to represent the interest of any individual other than themselves and/or that related to any putative class or collective action have been stricken from this Complaint, and therefore, Defendants are not required to respond to the allegations set forth in paragraph 136 of the Complaint.

## RESPONSE TO "FIRST CAUSE OF ACTION: <u>VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS"</u>

137.   Defendants repeat their responses set forth in paragraphs 1 through 136 of this Answer by reference as if fully set forth in response herein to the allegations set forth in paragraph 137 of the Complaint.

138.   Defendants deny the allegations set forth in paragraph 138 of the Complaint.

20

139.    Paragraph 139 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.

140.    Defendants deny the allegations set forth in paragraph 140 of the Complaint.

141.    Defendants deny the allegations set forth in paragraph 141 of the Complaint.

142.    Defendants deny the allegations set forth in paragraph 142 of the Complaint.

143.    Defendants deny the allegations set forth in paragraph 143 of the Complaint.

**RESPONSE TO "SECOND CAUSE OF ACTION:
VIOLATION OF THE FLSA OVERTIME PROVISIONS"**

144.    Defendants repeat their responses set forth in paragraphs 1 through 143 of this Answer by reference as if fully set forth in response herein to the allegations set forth in paragraph 144 of the Complaint.

145.    Defendants deny the allegations set forth in paragraph 145 of the Complaint.

146.    Paragraph 146 of the Complaint does not contain factual allegations to which a response is required as it call for a legal conclusion.

147.    Defendants deny the allegations set forth in paragraph 147 of the Complaint.

148.    Defendants deny the allegations set forth in paragraph 148 of the Complaint.

149.    Defendants deny the allegations set forth in paragraph 149 of the Complaint.

150.    Defendants deny the allegations set forth in paragraph 150 of the Complaint.

**RESPONSE TO "THIRD CAUSE OF ACTION:
VIOLATION OF THE NEW YORK MINIMUM WAGE RATE"**

151.    Defendants repeat their responses set forth in paragraphs 1 through 150 of this Answer by reference as if fully set forth in response herein to the allegations set forth in paragraph 151 of the Complaint.

152.    Defendants deny the allegations set forth in paragraph 152 of the Complaint.

153.    Defendants deny the allegations set forth in paragraph 153 of the Complaint.

154.    Defendants deny the allegations set forth in paragraph 154 of the Complaint.

155.    Defendants deny the allegations set forth in paragraph 155 of the Complaint.

## RESPONSE TO "FOURTH CAUSE OF ACTION: VIOLATION OF THE NEW YORK STATE LABOR LAW'S OVERTIME PROVISIONS"

156.    Defendants repeat their responses set forth in paragraphs 1 through 155 of this Answer by reference as if fully set forth in response herein to the allegations set forth in paragraph 156 of the Complaint.

157.    Defendants deny the allegations set forth in paragraph 157 of the Complaint.

158.    Defendants deny the allegations set forth in paragraph 158 of the Complaint.

159.    Defendants deny the allegations set forth in paragraph 159 of the Complaint.

160.    Defendants deny the allegations set forth in paragraph 160 of the Complaint.

## RESPONSE TO "FIFTH CAUSE OF ACTION: VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR"

161.    Defendants repeat their responses set forth in paragraphs 1 through 160 of this Answer by reference as if fully set forth in response herein to the allegations set forth in paragraph 161 of the Complaint.

162.    Defendants deny the allegations set forth in paragraph 162 of the Complaint.

163.    Defendants deny the allegations set forth in paragraph 163 of the Complaint.

164.    Defendants deny the allegations set forth in paragraph 164 of the Complaint.

**RESPONSE TO "SIXTH CAUSE OF ACTION:**
**RECOVERY OF EQUIPMENT COSTS"**

165.    Defendants repeat their responses set forth in paragraphs 1 through 164 of this Answer by reference as if fully set forth in response herein to the allegations set forth in paragraph 165 of the Complaint.

166.    Defendants deny the allegations set forth in paragraph 166 of the Complaint.

167.    Defendants deny the allegations set forth in paragraph 167 of the Complaint.

**RESPONSE TO "SEVENTH CAUSE OF ACTION:**
**VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW"**

168.    Defendants repeat their responses set forth in paragraphs 1 through 167 of this Answer by reference as if fully set forth in response herein to the allegations set forth in paragraph 168 of the Complaint.

169.    Defendants deny the allegations set forth in paragraph 169 of the Complaint.

170.    Defendants deny the allegations set forth in paragraph 170 of the Complaint.

**RESPONSE TO "EIGHTH CAUSE OF ACTION:**
**VIOLATION OF THE WAGE STATEMENT**
**PROVISIONS OF THE NEW YORK LABOR LAW"**

171.    Defendants repeat their responses set forth in paragraphs 1 through 170 of this Answer by reference as if fully set forth in response herein to the allegations set forth in paragraph 171 of the Complaint.

172.    Defendants deny the allegations set forth in paragraph 172 of the Complaint.

173.    Defendants deny the allegations set forth in paragraph 173 of the Complaint.

### RESPONSE TO "NINTH CAUSE OF ACTION:
### UNLAWFUL DEDUCTIONS FROM TIPS IN
### VIOLATION OF THE NEW YORK LABOR LAW"

174.    Defendants repeat their responses set forth in paragraphs 1 through 173 of this Answer by reference as if fully set forth in response herein to the allegations set forth in paragraph 174 of the Complaint.

175.    Defendants deny the allegations set forth in paragraph 175 of the Complaint.

176.    Paragraph 176 of the Complaint does not contain factual allegations to which a response is required, and Defendants respectfully refer the Court to the statute referenced in Paragraph 176 of the Complaint.

177.    Defendants deny the allegations set forth in paragraph 177 of the Complaint.

178.    Defendants deny the allegations set forth in paragraph 178 of the Complaint.

179.    Defendants deny the allegations set forth in paragraph 179 of the Complaint.

### RESPONSE TO "PRAYER FOR RELIEF"

To the extent not otherwise denied, Defendants deny that Plaintiffs are entitled to any relief or remedy specified in the "Wherefore" clause set forth in the Complaint, including subparagraphs (a) through (u) alleged therein.  Moreover, pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collection, and that they would not add or join any other plaintiff in this action.  As such, Plaintiffs' allegations seeking to represent the interest of any individual other than themselves and/or that related to any putative class or collective action have been stricken from this Complaint, and therefore, Defendants are not required to respond to such allegations.

24

## AFFIRMATIVE DEFENSES

Defendants state the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff.  Defendants also reserves the right to assert such additional defenses that may become applicable during the course of this litigation.

### FIRST AFFIRMATIVE DEFENSE

The Complaint as a whole and each and every purported cause of action alleged therein fails to state facts sufficient to constitute or state a claim against Defendants.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the equitable doctrines of waiver, laches, estoppel and unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Defendants The Hummus & Pita Company, Inc., The Hummus & Pita Co. Franchising, LLC, Janice Axelrod, Dave Pesso and Steven Pesso are not the "employer" and/or "joint employer" of Plaintiffs pursuant to the Fair Labor Standards Act ("FLSA") and/or the New York Labor Law ("NYLL").

### FIFTH AFFIRMATIVE DEFENSE

Defendants, at all times, and in all manners, acted in accordance with any and all duties and obligations they may have had under the FLSA and/or the NYLL.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot establish that any alleged acts or omissions were willful under the FLSA and/or NYLL.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred to the extent that Plaintiffs seek to assert claims on behalf of others who are not similarly situated for purposes of the FLSA and/or NYLL with respect to matters alleged in the Complaint.  Moreover, pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collection, and that they would not add or join any other plaintiff in this action.  As such, Plaintiffs cannot seek to represent the interest of any individual other than themselves and/or that relate to any putative class or collective action as any and all such allegations have been stricken from this Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs lack standing to bring the proposed collective action under the FLSA or the purported class action under Fed. R. Civ. P. 23.  Moreover, pursuant to the so-ordered Stipulation entered by the Parties (ECF Doc. No. 42), Plaintiffs waived any right to bring the claims asserted in this action on behalf of any individual other than themselves, or on behalf of a putative class or collection, and that they would not add or join any other plaintiff in this action.  As such, Plaintiffs cannot seek to represent the interest of any individual other than themselves and/or that relate to any putative class.

## NINTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over some or all of the claims asserted by Plaintiffs.

## TENTH AFFIRMATIVE DEFENSE

The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purported to arise under New York State law.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants are entitled to any and all offsets and/or set offs permissible by law.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred due to the *de minimis* rule.

## THIRTEENTH AFFIRMATIVE DEFENSE

At no point relevant hereto, did Defendants "suffer or permit" Plaintiffs to perform any compensable services for which they are entitled to additional compensation under the FLSA and/or NYLL, beyond that which has already been paid to Plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

At no point relevant hereto, did Plaintiffs' work any hours for which they were not compensated in accordance with that which is required by the FLSA and/or NYLL.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants affirmatively and specifically plead each and every defense, limitation, and immunity provided under either the FLSA or NYLL, including but not limited to, that Plaintiffs' claims, in whole or in part, are not covered under the FLSA and/or NYLL, Plaintiff Villatoro was exempt from the provisions of the FLSA and/or NYLL, in whole or in part, Plaintiffs' claims

under NYLL §195 are barred by the affirmative defenses in NYLL §198 (1-b) and (1-d), and Plaintiffs had the required notice, provided the required statements, as set forth under NYLL § 195.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered any damages as a result of the matters alleged in the Complaint, such damages were caused in whole or in part by Plaintiffs' own culpable conduct.  Any judgment recovered by Plaintiffs must be reduced in proportion to the extent that their culpable conduct contributed to the alleged damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants have not willfully failed to pay Plaintiffs any wages and/or monies claimed due, and there is a *bona fide*, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due.

## EIGHTEENTH AFFIRMATIVE DEFENSE

At all relevant times hereto, Plaintiffs' compensation has been in accordance with each and every provision of the FLSA, NYLL and their respective regulations.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to some or all of the relief sought under the doctrine of consent.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that they have waived the right of recovery.

## TWENTY FIRST AFFIRMATIVE DEFENSE

All claims are barred, in or whole in part, to the extent that they work performed falls within exemptions, exclusions, exceptions, or credits provided for in Sections 7 or 13 of the

FLSA, 29 U.S.C. § 207 and 29 U.S.C. § 213, or any other exemption set forth in the FLSA, NYLL, or other applicable law and/or regulation.

## TWENTY SECOND AFFIRMATIVE DEFENSE

Because the Complaint is phrased in conclusory terms, Defendants reserve the right to raise any additional affirmative defenses as discovery may reveal.

**WHEREFORE**, Defendants respectfully demand judgment against Plaintiffs as follows:

a.      Plaintiffs' Complaint be dismissed with prejudice and in its entirety;

b.      Each and every prayer for relief set forth in the Complaint be denied;

c.      Judgment be entered in favor of Defendants;

d.      All costs, including reasonable attorneys' fees, be awarded to Defendants and against Plaintiff pursuant to applicable laws; and

e.      Defendants be granted such further relief as this Court deems just and proper.

Date:   New York, New York
        October 19, 2018

**AKERMAN LLP**

By: /s/ Jeffrey A. Kimmel, Esq.
        Jeffrey A. Kimmel, Esq.
        Paul J. Rutigliano, Esq.
666 Fifth Avenue
New York, New York 10103
Tel.: 212.880.3800
Email: jeffrey.kimmel@akerman.com
        paul.rutigliano@akerman.com

*Attorneys for Defendants*

29