```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
  BILELIO VILLATORO and DANIEL SILVA    :
  GARCIA A.K.A. APOLINAR SILVA,         :
  individually and on behalf of others similarly :
  situated,                             :
                                        :
                            Plaintiffs, :
                                        :
              -against-                 :
                                        :
  THE HUMMUS & PITA CO. INC. (d/b/a     :
  THE HUMMUS & PITA CO.), THE           :
  HUMMUS & PITA FRANCHISING, LLC.       :
  (d/b/a THE HUMMUS & PITA CO.),        :
  HUPICO LLC. (d/b/a HUMMUS & PITA CO.  :
  RESTAURT INC.), JOHN DOE 1, JOHN      :
  DOE 2, JANICE AXELROD, DAVE PESSO,    :
  STEVEN PESSO and CHRISTINA DOE,       :
                                        :
                            Defendants. :
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/14/2019

17-cv-06701 (VEC)

<u>ORDER</u>

VALERIE CAPRONI, United States District Judge:

  WHEREAS counsel for the parties submitted a proposed settlement agreement, Dkt. 82, for the Court's approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015);

  WHEREAS the proposed settlement provides for a total recovery of $225,000, with slightly more than a third of the recovery ($76,378.40) awarded to Plaintiffs' counsel for fees and costs, Dkts. 82 at 4, 82-1 at 1–2;

  WHEREAS Plaintiffs' counsel's requested fee is approximately 2.5 times counsel's lodestar amount, once counsel's billing rate ($450 and $400) is reduced by 10% to a more appropriate rate, *see* Dkt. 82 at 8;

WHEREAS the proposed settlement agreement contains a general release of all claims, including those that do not pertain to the wage-and-hour allegations raised in this case, *see* Dkt. 82-1 at 4–5;

WHEREAS the proposed agreement contains non-publicity and non-disparagement provisions that forbid the parties from initiating contact with the press or utilizing social media to discuss this action or the settlement, *see* Dkt. 82-1 at 5–6; and

WHEREAS Defendants' obligation to pay Plaintiffs pursuant to the proposed agreement is conditioned on Plaintiffs' provision of a valid Social Security Number of Tax ID number, Dkt. 82-1 at 2;

IT IS HEREBY ORDERED that the proposed settlement agreement is not approved as fair and reasonable at this time because of the inclusion of a general release and overbroad confidentiality provisions. *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 (S.D.N.Y. 2015) (explaining conflict between confidentiality provisions with Congress's intent to advance awareness and implementation of the FLSA in workplaces); *Flores-Mendieta v. Bitefood Ltd.*, No. 15-CV-4997, 2016 WL 1626630, at *2 (S.D.N.Y. Apr. 21, 2016) ("A FLSA settlement cannot offer the defendant a sweeping release from liability that would 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" (quoting *Cheeks*, 796 F.3d at 206)); *Santos v. EL Tepeyac Butcher Shop Inc.*, No. 15-CV-814, 2015 WL 9077172, at *1 (S.D.N.Y. Dec. 15, 2015) (rejecting mutual non-disparagement clause); *see also Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229 (S.D.N.Y. 2016) (disapproving of general release despite it being mutual). Although the proposed settlement agreement contains an exception for the disclosure of "facts alleged in this litigation, any factual or legal positions taken by the

parties," that carveout is narrower than what is generally required by courts in this district. *See Lopez*, 96 F. Supp. 3d at 180 n.65 (explaining that non-disparagement provisions "must include a carve-out for truthful statements about plaintiffs' experience litigating their case"). The Court further finds unacceptable the agreement's attempt to both limit and compel the content of the parties' speech, including the requirement that parties respond to any press inquiries by "only advis[ing the press] of the existence of [this confidentiality] provision" and stating "that the Parties have resolved the matter to their mutual satisfaction." *See* Dkt. 82-1 at 5.

IT IS FURTHER ORDERED that Plaintiffs' counsel must certify to the Court that each Plaintiff is capable of satisfying the pre-requisite of providing a valid Social Security Number or Tax ID number.

IT IS FURTHER ORDERED that Paragraph 1C of the proposed agreement must be clarified to reflect that Plaintiffs' counsel, not Plaintiffs, would be issued an IRS Form 1099.

IT IS FURTHER ORDERED that the parties submit, no later than **December 2, 2019**, a revised settlement agreement that is consistent with this Order. Namely, the Court is unlikely to approve any agreement that restrains Plaintiffs from making truthful statements (whether on social media or to the press, regardless of whether a third-party initiated the inquiry), or that contains a release of claims that are unrelated to the wage-and-hour claims raised in these consolidated actions and do not arise from the same nucleus of operative facts.

IT IS FURTHER ORDERED that the status conference currently scheduled for November 15, 2019, is adjourned to **December 6, 2019, at 10:00 A.M.**

**SO ORDERED.**

Date: November 14, 2019
New York, New York

VALERIE CAPRONI
United States District Judge